Jeanes Trust

*Robert F. Lehman* and *Fell & Spalding*, for accountant.

G. *Selden Pitt*, for guardian and trustee ad litem.

KLEIN, P. J., June 23, 1965.—By deed dated January 22, 1923, Joseph Y. Jeanes transferred and assigned assets set forth in schedule "A", annexed thereto, to Philadelphia Trust Company, now Fidelity-Philadelphia Trust Company, in trust to accumulate the income therefrom for the life of settlor, and at his death, to hold the principal together with all accumulations thereon, in trust to pay the net income in equal shares to his four children, Joseph Y. Jeanes, Jr., Lenette F. Jeanes, Jr. (now Lenette Jeanes Bromley-Davenport), William Warner Jeanes and Isaac Warner Jeanes, 2nd, for their respective natural lives, with remainder at their deaths to their lawful descendants, per stirpes, and with contingent remainders to eight named charities in the event said children should die without lawful descendants surviving, the details of which need not be recited in this adjudication, as all of settlor's children are living and sui juris and a copy of the deed, certified by counsel to be a correct copy, is annexed hereto.

Joseph Y. Jeanes, settlor, is stated to have died on July 7, 1928.

There have been no prior accountings in the present trust and the occasion of the filing of the present account is stated to be the lapse of time since the in-

ception of the trust and trustee's desire to receive approval of transfers of six percent or less stock dividends from principal to income.

The names and interests of all parties in interest appear to be fully set forth in the statement of proposed distribution, and all parties in interest appear to have had notice of this audit. Mr. Kunzig, as guardian and trustee ad litem, filed a written report, in which, except as hereinafter stated, he made no objection to the account and approved the transfer to income of shares and proceeds of sales of fractional shares of stock dividends as shown by the account pursuant to the principle set forth in Pew Trust, 411 Pa. 96. He also requested an allowance of $1,200 to compensate him for his services as such guardian and trustee ad litem, which conforms to the schedule of compensation effective in this court, and which is stated to be satisfactory to the trustee, and it will be so awarded.

The trustee, relying upon Pew Trust, 411 Pa. 96, has transferred from the principal account to income, stock dividends of six percent or less, having a total value of $18,542.16, received during the period covered by the present accounting and not previously apportioned or distributed. These items appear on pages 55 to 57 of the account and consist of 160 shares Cincinnati Gas and Electric Company, valued at $1,865.16; 8 shares Goodyear Tire and Rubber Co., valued at $374; 393 shares of Gulf Oil Corporation, valued at $12,040.49, and 85 shares Standard Oil Company, valued at $4,262.51.

The deed of trust provides:

"During the lifetime of said settlor all stock dividends received by said Trustee shall be credited to principal account. After the death of said Settlor such stock dividends shall be credited to principal or income as the case may be in the manner prescribed by the laws of the State of Pennsylvania."

There can be no doubt that the settlor could validly direct that all stock dividends received during his lifetime should be credited to the principal account under the provisions of the statute against accumulations of April 18, 1853, P. L. 503, sec. 9, 20 PS §301.2. The only question before us for decision is whether the small stock dividends of six percent or less received between 1952 and 1963 should be awarded to principal or income.

In Catherwood Trust, 405 Pa. 61, 77, Mr. Justice Jones said:

". . . While we have never held that ordinary small stock dividends should be considered as income payable to the life tenant, we have not held to the contrary; our prior decisions dealt with stock dividends, extraordinary in nature. If a total stock distribution for the current year is payable at the rate of 6% or less of the corporation's outstanding shares before such distributions were made such distribution in stock of the distributing corporation should be treated as income."

This conclusion was reaffirmed in Pew Trust, 411 Pa. 96, in which Mr. Chief Justice Bell stated, at page 102:

"In all the history of Pennsylvania Rule of Apportionment this Court has never held that stock dividends, up to and including 6%, were apportionable, but on the contrary all such dividends were considered income. Catherwood recognized and confirmed this historical fact . . ."

We are bound by these decisions. Accordingly, we hold that the stock dividends in question, all of which are less than six percent in amount, must be credited to income under the laws of the State of Pennsylvania, and they will be so awarded.

Mr. Kunzig, the guardian and trustee ad litem, in his well-considered report to the court, reached the con-

clusion that these small stock dividends were properly transferred to income. We agree with this.

Mr. Kunzig, the guardian and trustee ad litem, suggests that counsel fee of $5,367, the cost of filing the account and the affidavit thereto, totalling $5,617.75, be charged one-half to principal and one-half to income. In view of the circumstances of this case, however, the persons represented by Mr. Kunzig being the issue of the income beneficiaries, and the further fact that the accounting before us covers a period of 42 years and shows a substantial increase in the corpus of the trust during its administration, the auditing judge is of the opinion that these items, together with the fee of the guardian and trustee ad litem, should all be charged to principal, and it will be so awarded. . . .

And now, June 23, 1965, the account is confirmed nisi.